*Order Entered April 30, 1999:*

*In re* SUBPOENAS TO NEWS MEDIA PETITIONERS, No. 114570. In lieu of granting leave to appeal, the circuit court's order of April 22, 1999, and the district court's orders of April 9 and 13, 1999, are vacated. MCR 7.302(F)(1). The district court erred in allowing use of a subpoena under MCR 2.506 as a discovery procedure in a criminal case. The case is remanded to the 54-B District Court for consideration of the prosecuting attorney's request for investigative subpoenas under MCL 767A.1 *et seq.*; MSA 28.1023A(1) *et seq.* Motion to file a brief amicus curiae is granted. In light of this order, the stay entered by this Court on April 29, 1999, is vacated. Jurisdiction is not retained.

*Order Entered May 6, 1999:*

PROPOSED AMENDMENTS OF MCR 2.113, 5.113, 5.901, 7.210, 8.105, 8.116, 8.203, 8.205, AND 8.302 AND ADDITION OF MCR 2.518 AND 8.119. On order of the Court, this is to advise that the Court is considering proposed amendments to Michigan Court Rules 2.113, 5.113, 5.901, 7.210, 8.105, 8.116, 8.203, 8.205, and 8.302 and the addition of 2.518 and 8.119. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which follows.

In October of 1998, the Michigan Supreme Court established the Michigan Trial Court Case File Management Standards Committee to develop recommended standards for the creation and maintenance of court records. In its final report regarding recommended standards, the Committee also made recommendations for rule changes, which are the source for the rules published for comment in this order. Copies of the

Committee's final report are available from the State Court Administrative Office.

[The present language would be amended as indicated below:]

RULE 2.113. FORM OF PLEADINGS AND OTHER PAPERS.

(A) [Unchanged.]

(B) Preparation. Every pleading must be legibly typewritten or printed in ink in the English language.

(C) Captions.

(1) The first part of every pleading must contain a caption stating

(a) the name of the court;

(b) the names of the parties or the title of the action, subject to subrule (D);

(c) the ~~file~~ case number, including ~~a prefix containing the last two digits of the year of the filing~~ a prefix of the year filed and a two-letter suffix for the case-type code (see MCR 8.117) according to the principal subject matter of the proceeding;

~~(d) a case-type code (see MCR 8.117) according to the principal subject matter of the suit;~~

(e)-(h) [renumbered (d)-(g) but otherwise unchanged.]

(2)-(3) [Unchanged.]

(D)-(G) [Unchanged.]


RULE 2.518. RECEIPT, STORAGE, AND RETURN OF EXHIBITS. *(OPTION A) (NEW)*

(A) Receipt and Storage of Exhibits. Exhibits for use at trial or other hearing shall be received and stored as provided by records standards. At the conclusion of criminal, traffic, and juvenile offender trials for which there is a conviction, exhibits shall be maintained in a proper storage area in accordance with time frames specified in records retention and disposal schedules.

(B) Return of Exhibits. Except as provided in subrule (A), exhibits shall be returned in the manner provided in this rule.

(1) By Stipulation. At the conclusion of civil and family matter trials, the court shall ask the attorneys or parties whether they will stipulate on the record to the release of all or a portion of the exhibits. If so stipulated, each party shall sign a stipulation and order releasing the exhibits.

(2) By the Clerk.

(a) The clerk shall initiate the return of exhibits as follows:

(i) If an appeal has not been taken, within a reasonable time after acquittal, entry of judgment on the merits, or dismissal of the action.

(ii) If an appeal has been taken, within a reasonable time after the appellate proceedings are concluded, unless the action is remanded for further proceedings in the trial court.

(b) The clerk shall notify the parties who submitted the exhibits and attorneys of record, if any, that the exhibits will be destroyed on a specified date at least 28 days after notice is served unless the parties retrieve them from the court.

(c) Weapons and drugs shall be returned to the confiscating agency for proper disposition.

(C) Disposal of Exhibits. Any exhibits not returned in accordance with subrule (B) shall be disposed of in accordance with records retention and disposal schedules.

RULE 2.518. RECEIPT, STORAGE, AND DISPOSAL OF EXHIBITS. *(OPTION B) (NEW)*

(A) Receipt and Storage of Exhibits. Exhibits for use at trial or other hearing shall be received and stored as provided by records standards. Unless otherwise stipulated or ordered by the court, at the conclusion of criminal, traffic, and juvenile offender trials for which there is a conviction, exhibits shall be maintained until the end of the appeal period in a proper storage area.

(B) Release of Exhibits in Civil and Family Matter Trials or Hearings. At the conclusion of civil trials or hearings, the court shall ask the attorneys or parties whether they will stipulate on the record to the release of all or a portion of the exhibits. If so stipulated, each party shall sign a stipulation and order releasing the exhibits.

C) Return and Disposal of Exhibits. At the conclusion of a trial or hearing and appeal period, or at the conclusion of a trial where there is an acquittal, exhibits should be retrieved by the parties submitting them, except that any weapons and drugs shall be returned to the confiscating agency for proper disposition. The court may dispose of all exhibits not retrieved within 56 days after expiration of the time to take an appeal of right or after acquittal.

RULE 5.113. PAPERS; FORM AND FILING.

(A) Form of Papers Generally.

(1) A petition, motion, inventory, report, account, or other paper in a proceeding must

(a) be ~~legible and in ink,~~ legibly typewritten or printed in ink in the English language, and

(b) include the

(i) name of the court and title of the proceeding in which it is filed;

(ii) ~~file~~ case number, ~~if any,~~ including ~~the case-type code~~ a prefix of the year filed and a two-letter suffix for the case-type code (see MCR 8.117) according to the principal subject matter of the proceeding, and if the case is filed under the Juvenile Code, the petition number that also includes a prefix of the year filed and a two-letter suffix for the case-type code;

(iii)-(iv) [Unchanged.]

(c) [Unchanged.]

(2) [Unchanged.]

(B)-(C) [Unchanged.]

RULE 5.901. APPLICABILITY OF RULES.

(A) Scope. The rules in this subchapter, ~~and~~ in subchapter 1.100, <u>and in rule 5.113</u>, govern practice and procedure in the family division of the circuit court in all cases filed under the Juvenile Code. Other Michigan Court Rules apply to such juvenile cases in the family division of the circuit court only when this subchapter specifically provides.

(B) [Unchanged.]

RULE 7.210. RECORD ON APPEAL.

(A)-(D) [Unchanged.]

~~(E) Use of Records. Until the record is sent to the Court of Appeals, the parties may withdraw any transcripts and exhibits filed in the case on written receipt to the clerk. The party may retain the transcripts and exhibits only as long as necessary to prepare an appellate brief and shall promptly return them to the clerk.~~

(E)-(I) [Formerly (F)-(J), redesignated, but otherwise unchanged.]

RULE 8.105. GENERAL DUTIES OF CLERKS.

(A) [Unchanged.]

~~(B) Filing of Papers. The clerk shall endorse on every paper the date on which it is filed. The clerk shall keep a file folder for each action, bearing the civil action number assigned to it, in which the clerk shall keep all pleadings, process, orders, and judgment filed in the action. The clerk may not permit any record or paper on file in the clerk's office to be taken from it without the order of the court.~~

~~(C) Access to Files.~~

~~(1) Unless access to a file is restricted by statute, court rule, or an order entered pursuant to subrule (D), any person may inspect pleadings and other papers in the clerk's office and may obtain copies as provided in subrule (C)(2) and (C)(3).~~

~~(2) If a person wishes to obtain copies of papers in a file, the clerk shall provide copies upon receipt of the cost of reproduction. If the clerk prefers, he or she may permit the requesting person to make copies at his or her own expense under the direct supervision of the clerk.~~

~~(3) A court, by administrative order adopted pursuant to MCR 8.112(B), may make reasonable regulations necessary to protect its public records and prevent excessive and unreasonable interference with the discharge of its functions.~~

~~(D) Sealed Records~~

~~(1) Except as otherwise provided by statute or court rule, a court may not enter an order that seals courts records, in whole or in part, in any action or proceeding, unless.~~

~~(a) a party has filed a written motion that identifies the specific interest to be protected,~~

~~(b) the court has made a finding of good cause, in writing or on the record, which specifies the grounds for the order, and~~

~~(c) there is no less restrictive means to adequately and effectively protect the specific interest asserted.~~

(2) In determining whether good cause has been shown, the court must consider the interests of the public as well as of the parties.

(3) The court must provide any interested person the opportunity to be heard concerning the sealing of the records.

(4) For purposes of this rule, "court records" includes all documents and records of any nature that are filed with the clerk in connection with the action. Nothing in this rule is intended to limit the court's authority to issue protective orders pursuant to MCR 2.302(C).

(5) A court may not seal a court order or opinion, including an order or opinion that disposes of a motion to seal the record.

(6) Any person may file a motion to set aside an order that disposes of a motion to seal the record, or an objection to entry of a proposed order. MCR 2.119 governs the proceedings on such a motion or objection. If the court denies a motion to set aside the order or enters the order after objection is filed, the moving or objecting person may file an application for leave to appeal in the same manner as a party to the action.

(7) Whenever the court grants a motion to seal a court record, in whole or in part, the court must forward a copy of the order to the Clerk of the Supreme Court and to the State Court Administrative Office.

(B) Court Records and Reporting Duties. The clerk of every circuit court shall maintain court records and make reports as prescribed by MCR 8.119.

(E) [Renumbered (C), but otherwise unchanged.]

(F) Records Kept by the Clerk.

(1) Suitable indexes of civil actions must be kept by the clerk under the court's direction. The clerk shall keep other records in the form and style the court prescribes.

(2) The clerk shall keep in such form as may be prescribed by the court, the original of every final judgment, written opinion, finding, appealable order, or order affecting title to or lien on real or personal property, and any other order which the court may direct to be kept.

(G) [Renumbered (D), but otherwise unchanged.]

(H) Reporting Duties.

(1) The clerk of every court shall submit reports and records as required by statute, including but not limited to the duties prescribed by:

(i) MCL 722.717; MSA 25.497 (paternity records);

(ii) MCL 769.16a; MSA 28.1086(1) and MCL 712A.18(16); MSA 27.3178(598.18)(16) (criminal and juvenile-offense dispositions and dismissals);

(iii) MCL 333.2864; MSA 14.15(2864) (divorce records);

(iv) MCL 333.16243(2); MSA 14.15(16243)(2) (medical malpractice judgments); and

~~(v) MCL 257.732; MSA 9.2432 and MCL 257.321a; MSA 9.202(1) (traffic offenses).~~

~~(2) The clerk of every court shall submit reports as required by the State Court Administrative Office.~~

RULE 8.116. SESSIONS OF COURT.

(A)-(C) [Unchanged.]

(D) Access to Court Proceedings. When a court has ordered, or has pending before it a request to order, a limitation on the access of the public to court proceedings or records of those proceedings that are otherwise public, any person may file a motion to set aside the order or an objection to entry of the proposed order. MCR 2.119 governs the proceedings on such a motion or objection. If the court denies a motion to set aside the order or enters the order after objection is filed, the moving or objecting person may file an application for leave to appeal in the same manner as a party to the action. See MCR 8.119(F)(6).

RULE 8.119. COURT RECORDS AND REPORTS; DUTIES OF CLERKS. *(NEW)*

(A) Applicability. This rule applies to all actions in every trial court except that subrule (D)(1) does not apply to civil infractions.

(B) Records Standards. The clerk of the court shall comply with the records standards in this rule and as prescribed by the Michigan Supreme Court.

(C) Filing of Papers. The clerk of the court shall endorse on every paper the date on which it is filed. Papers filed with the clerk of the court must comply with Michigan Court Rules and Michigan Supreme Court records standards. The clerk of the court may reject papers which do not conform to MCR 2.113(C)(1) and MCR 5.113(A)(1).

(D) Records Kept by the Clerk. The clerk of the court of every trial court shall keep records in the form and style the court prescribes and in accordance with Michigan Supreme Court records standards and local court plans. A court may adopt a computerized, microfilm, or word-processing system for maintaining records that substantially complies with this subrule.

(1) Indexes and Case Files. The clerk shall keep and maintain records of each case consisting of a numerical index, an alphabetical index, a register of actions, and a case file in such form and style as may be prescribed by the Supreme Court. Each case shall be assigned a case number on receipt of a complaint, petition, or other initiating document. The case number shall comply with MCR 2.113(C)(1)(c) or MCR 5.113(A)(1)(b)(ii) as applicable. In addition to the case number, a separate petition number shall be assigned to each petition filed under the Juvenile Code as required under MCR 5.113(A)(1)(b)(ii). The case number (and petition number if applicable) shall be recorded on the register of actions, file folder, numerical index, and alphabetical index. The records shall include the following characteristics:

(a) Numerical Index. The clerk shall maintain the numerical index as a list of consecutive case numbers on which the date of filing and the names of the parties are recorded. The index may be maintained either as

a central index for all cases filed in the court or as separate lists for particular types of cases or particular divisions of the court.

(b) Alphabetical Index. The clerk shall maintain a central alphabetical index or separate alphabetical indexes for particular types of cases or particular divisions of the court on which the date of filing, names of all parties, and the case number are recorded.

(c) Register of Actions. The clerk shall keep a case history of each case, known as a register of actions. The register of actions shall contain both pre- and postjudgment information. When a case is commenced, a register of actions form shall be created. The case identification information in the alphabetical index shall be entered on the register of actions. In addition, the following shall be noted chronologically on the register of actions as it pertains to the case: the offense (if one); the judge assigned to the case; fees paid; date and title of each filed document; process issued and returned; date of service; date of each event and type and result of action; date of scheduled trials, hearings, and all other appearances or reviews; orders; judgments; verdicts; the judge at adjudication and disposition; date of adjudication and disposition; manner of adjudication and disposition. Each notation shall be brief, but shall show the nature of each paper filed, each order or judgment of the court, and the returns showing execution. Each notation shall be dated with not only the date of filing, but with the date of entry and shall indicate the person recording the action.

(d) Case File. The clerk of the court shall maintain a file folder for each action, bearing the case number assigned to it, in which the clerk shall keep all pleadings, process, written opinions and findings, orders, and judgments filed in the action. Additionally, the clerk shall keep in the file all other documents prescribed by court rule, statute, or as ordered by the court.

(2) Calendars. The clerk may maintain calendars of actions. A calendar is a schedule of cases ready for court action that identifies times and places of activity.

(3) Abolished Records.

(a) Journals. Except for recording marriages, journals shall not be maintained.

(b) Dockets. A register of actions replaces a docket. Wherever these rules or applicable statutes require entries on a docket, those entries shall be entered on the register of actions.

(5) Other Records. The clerk shall keep in such form as may be prescribed by the court, other papers, documents, materials, and things filed with or handled by the court including but not limited to wills for safekeeping, exhibits, and other discovery materials, requests for search warrants, marriage records, and administrative activities.

(E) Access to Records. The clerk may not permit any record or paper on file in the clerk's office to be taken from it without the order of the court.

(1) Unless access to a file, a document, or information contained in a file or document is restricted by statute, court rule, or an order entered pursuant to subrule (E), any person may inspect pleadings and other

papers in the clerk's office and may obtain copies as provided in subrules (D)(2), (D)(3), (D)(4), and (D)(5).

(2) If a person wishes to obtain copies of papers in a file, the clerk shall provide copies upon receipt of the cost of reproduction. If the clerk prefers, the requesting person may be permitted to make copies at personal expense under the direct supervision of the clerk.

(3) A court is not required to create a new record, except to the extent required by furnishing copies of a file, paper, or record. A court may create a new record or compilation of records pertaining to case files or case related information on request, provided that the record created or compiled does not disclose information that would otherwise be confidential or restricted by statute, court rule, or an order entered pursuant to subrule (E).

(4) Except for copies of transcripts, a standard fee may be established for providing copies of papers in a file, not to exceed $1.00 for the first copy and $.50 per additional copy, except as otherwise provided by statute or rule.

(5) Every court, shall adopt an administrative order pursuant to MCR 8.112(B) to

(a) make reasonable regulations necessary to protect its public records and prevent excessive and unreasonable interference with the discharge of its functions;

(b) specify the cost of reproduction of records provided under subrule (E)(2); and

(c) specify the process for determining costs under subrule (E)(3).

(F) Sealed Records.

(1) Except as otherwise provided by statute or court rule, a court may not enter an order that seals courts records, in whole or in part, in any action or proceeding, unless

(a) a party has filed a written motion that identifies the specific interest to be protected,

(b) the court has made a finding of good cause, in writing or on the record, that specifies the grounds for the order, and

(c) there is no less restrictive means to adequately and effectively protect the specific interest asserted.

(2) In determining whether good cause has been shown, the court must consider the interests of the public as well as of the parties.

(3) The court must provide any interested person the opportunity to be heard concerning the sealing of the records.

(4) For purposes of this rule, "court records" includes all documents and records of any nature that are filed with the clerk in connection with the action. Nothing in this rule is intended to limit the court's authority to issue protective orders pursuant to MCR 2.302(C).

(5) A court may not seal a court order or opinion, including an order or opinion that disposes of a motion to seal the record.

(6) Any person may file a motion to set aside an order that disposes of a motion to seal the record, or an objection to entry of a proposed order. MCR 2.119 governs the proceedings on such a motion or objection. If the

court denies a motion to set aside the order or enters the order after objection is filed, the moving or objecting person may file an application for leave to appeal in the same manner as a party to the action. See MCR 8.116(D).

(7) Whenever the court grants a motion to seal a court record, in whole or in part, the court must forward a copy of the order to the Clerk of the Supreme Court and to the State Court Administrative Office.

(G) Reporting Duties.

(1) The clerk of every court shall submit reports and records as required by statute and court rule.

(2) The clerk of every court shall submit reports or provide records as required by the State Court Administrative Office, without costs.

RULE 8.203. RECORDS AND ENTRIES KEPT BY CLERK.

The clerk of every district court shall maintain court records and make reports as prescribed by MCR 8.119.

(A) Applicability. This rule applies to all actions except civil infractions. A court may adopt a computerized, microfilm, or word-processing records system that substantially complies with this rule.

(B) Indexes and Files. The clerk shall keep and maintain records of each case consisting of a numerical index, an alphabetical index, a register of actions, and a case file in such form and style as may be prescribed by the Supreme Court. Each case shall be assigned a case number on receipt of the complaint, with a prefix identifying the last two digits of the year filed. A suffix code may be included to designate a case type. The case number of each case shall be recorded on the register of actions, file folder, numerical index, and alphabetical index. The records shall include the following characteristics:

(1) Numerical Index. The clerk shall maintain the numerical index as a list of consecutive case numbers on which the date of filing and the names of the parties are recorded. The index may be maintained either as a central index for all cases filed in the district or as separate lists for particular types of cases or particular divisions of the court.

(2) Alphabetical Index. The clerk shall maintain an alphabetical central card file index or separate alphabetical card indexes for particular types of cases or particular divisions of the court.

(a) In civil actions, one alphabetical index shall include the names of all parties and the case number.

(b) In criminal cases, one alphabetical index shall include the defendant's name, the case number, and the offense charged.

(3) Register of Actions. The clerk shall keep a record of each case known as a register of actions. When a case is commenced, a register of actions form shall be prepared and placed in the file folder. The case identification information in the alphabetical index shall be entered on the register of actions. In addition, fees paid, papers filed, process issued and returned, and court actions, orders, judgments, and verdicts pertaining to the case shall be noted chronologically on the register of actions. Each notation shall be brief, but shall show the nature of each paper filed, each

order or judgment of the court, and the returns showing execution. Each notation shall be dated and initialed by the person recording the action.

(4) *Case File.* The clerk shall maintain a file folder for each case commenced that contains the pleadings, orders, judgments, and other documents filed in the case.

(C) Calendars. The clerk may maintain calendars of actions. A calendar is a schedule of cases ready for court action that identified times and places of activity.

(D) Abolished Records.

(1) *Journals.* Journals are not required in the district court.

(2) *Dockets.* A register of actions replaces a docket. Wherever these rules or applicable statutes require entries on a docket, those entries shall be entered on the register of actions.

RULE 8.205. MAGISTRATES.

(A) Magistrate. Dockets and Reports.

(1) Each magistrate shall maintain a docket of magisterial action in the form prescribed by the state court administrator and shall file a certified copy of the docket with the district court clerk on the last business day of each calendar year.

(2) On the first business day of January, April, July, and October of each year, each magistrate shall submit to the chief judge of the district or division in which the magistrate serves a report in the form prescribed by the state court administrator covering the preceding 3 months. This report must be based on an concur with the docket of magisterial action.

(B) Identification of Magistrates. The court shall provide the name, address, and telephone number of each magistrate to the clerk of the district court for the district in which the magistrate serves.

RULE 8.302. DOCUMENTS AND FILES.

Original orders and letters of authority, after being recorded, must be placed in the files of the court. For security purposes, testamentary documents of deceased persons, bonds, orders, and such other documents as the court directs must be copied by microfilming or other means promptly after filing or issuance and preserved in the records of the court separately from the files. In addition, the clerk of every probate court shall maintain court records and make reports as prescribed by MCR 8.119.

*Staff Comment:* The proposed amendments of MCR 2.113, 5.113, 5.901, 7.210, 8.105, 8.116, 8.203, 8.205, and 8.302 and the addition of MCR 2.518 and 8.119 are to accommodate proposed statewide records standards applicable to all courts and clerks of the courts as developed and recommended by the Michigan Trial Court Case File Management Standards Committee. Copies of the Committee's Report are available from the State Court Administrative Office, P. O. Box 30048, Lansing, MI 48909.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court
> will issue an order on the subject, nor does it imply prob-
> able adoption in its present form. Timely comments will
> be substantively considered and your assistance is appre-
> ciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number. 99-17.

*Rehearing Denied May 7, 1999:*